UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:15-8-DLB

PRESTON L. RITTER,                                                                                        PLAINTIFF,

V.           **MAGISTRATE JUDGE'S REPORT
                  & RECOMMENDATION**

LADONNA THOMPSON, et al.,                                                                     DEFENDANTS.

*** *** *** ***

This matter is now before the Court for consideration of a filing by the Plaintiff, Preston L. Ritter, entitled "Complaint under Bivens Action". [R. 29]. In this filing, the Plaintiff appears to assert new causes of action against unnamed defendants. [R. 29]. In addition, he appears to make nine "motions," some without a specific request for relief and others with little explanation, much less a supporting memorandum of law. [See id.]. The filing also names "witnesses" and their addresses, without explaining their relevance or to what these individuals were witness. [See id. at 1-2]. Notably, Plaintiff's "Complaint" does not name as defendants any of the Defendants previously associated with this civil action. Instead, the caption of the "Complaint" names "Defendants: Others (Unidentified at the Date of Filing)." [Id. at 1.].

The Court will refrain from reciting the entire procedural history of this case, but will simply incorporate by reference the background as set forth in the Report and Recommendation dated November 3, 2015 [R. 26]. The Court will specifically note, however, that the Defendants, Carl, Ash, Smith, and Thompson have already been dismissed from this action. [R. 28]. One Defendant, Deputy Wendling has not previously been dismissed and remains a named defendant.

For the reasons set forth below, the Court will recommend that any claims asserted in the original complaint, or attempted to be asserted in the "Complaint under Bivens Action" against Deputy Wendling be dismissed. In addition, the Court will recommend that the "Complaint under Bivens Action" be dismissed in its entirety, and the action be stricken from the Court's active docket.

**Defendant Wendling.**

As noted above, the Defendant Wendling is the only named defendant remaining in this case, and that he has not been served with summons and complaint, otherwise entered an appearance, or been involved in this action in any way. By way of background, the record in this action reveals that on March 6, 2015, the Court entered an Order [R. 5] stating that "[Plaintiff] must take necessary steps to ensure that the individually named defendants are served with process in compliance with Federal Rule of Civil Procedure 4(c), and he must also file proof of service in the record." [R. 5 at 3]. The Order also advised Plaintiff of the 120-day period in which to effectuate service of process on all named defendants. [Id.]. In fact, Rule 4(m), Federal Rules of Civil Procedure, at that time provided that "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In its Order of March 3, 2015, the Court advised Ritter that "Failure to comply with these service requirements will result in dismissal of this action." [Id.].

Next, on motion of the Plaintiff, the Court granted Ritter's motion for service of process by the United States Marshal, and directed that a "Service Packet" be prepared for the various defendants, provided to the United States Marshal, and served on each defendant. [R. 7]. A

summons for Defendant Wendling was returned as executed on April 14, 2015, with a note stating "Served Lt. Grigsby at the Kenton Co. DC". [R. 11 at 4]. Although a question may exist regarding whether such constitutes effective service, Defendants Ash, Smith, and Carl were similarly served, and subsequently represented by counsel in the action. [R. 11].

In any event, no additional action has been taken by Ritter against the Defendant, Wendling, other than the recent filing by Ritter entitled "Complaint Under Bivens Action" [R. 29]. Thus, in the face of potentially ineffective service, Ritter did not seek to have summons reissued and validly served, nor did he seek entry of default against the Defendant Wendling. In addition, as previously discussed in the Court' Recommendation dated November 3, 2015, Ritter failed to file a timely response to the Defendants' Motion for a more definite statement, but did file a letter failed to identify which allegation was levied against which defendant, either collectively or individually, using only generic terms. Finally, Defendant Wendling is never specifically mentioned in either the Complaint or the "Complaint under Bivens Action". Accordingly, the action should be dismissed against Deputy Wendling for failure to prosecute. See Fed. R. Civ. P. 41(b).

**Plaintiff's "Complaint under Bivens Action."**

Here, Plaintiff's initial claims have been dismissed as to all served Defendants under Federal Rule of Civil Procedure 12(b)(6) due to his failure to adequately state a claim upon which relief can be granted. [R. 28]. This new filing is equally susceptible to 12(b)(6) attack because it presents the same abbreviated and non-specific statements as the original complaint. Compare R. 1 (failing to identify which violations, vague in their own right, were committed by particular defendants), with R. 29 (failing to name defendants, making unspecified motions, and not alleging any violations of law). Specifically, Plaintiff's initial claims have failed because of,

-3-

*inter alia*, his continued refusal to comply with Court-ordered deadlines or the Federal or Local Rules, his continued failure to plead with requisite specificity despite being permitted to clarify his statements, his lack of objection to recommended dismissals, and his failure to prosecute a named defendant as noted previously. This latest "Complaint", which the Court most favorably construes as a motion to amend the initial complaint, suffers from similar if not more severe deficiencies than Plaintiff's initial complaint. The Court finds it to be "futile" in that it "could not withstand a Rule 12(b)(6) motion to dismiss." Zeigler, 249 F.3d at 519; Rose, 203 F.3d at 421; accord Chapman v. Bell, No. 3:11-1135, 2013 WL 416228, at *7-8 (M.D. Tenn. Jan. 14, 2014) (relying on both Zeigler and Rose in denying pro se prisoner's motion to amend complaint to add unidentified defendants for futility reasons under Rule 12(b)(6) analysis). For those reasons, Plaintiff's "Complaint," which is construed liberally and most favorably as a motion to amend his pleading, should be denied as improper under Federal Rule of Civil Procedure 15.

Accordingly, the undersigned RECOMMENDS that Plaintiff's "Complaint Under Bivens Action" [R. 29] be DENIED.

**Conclusion and Recommendation.**

For the reasons described above, the undersigned hereby RECOMMENDS the following:

(1) Plaintiff's claims against Defendant Wendling should be DISMISSED with prejudice;

(2) Plaintiff's "Complaint Under Bivens Action" [R. 29] should be DISMISSED; and,

(3) That this action be stricken from the Court's active docket.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a

judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed March 1, 2016.



Signed By:
Edward B. Atkins
United States Magistrate Judge